IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

ADONAY RAMIREZ
1610 Park Road NW
Washington, DC 20010

      Plaintiff,

v.

EYE STREET DINING, INC.
d/b/a/ ALBA OSTERIA
425 I Street NW
Washington, DC 20001

HAKAN ILHAN
4561 Indian Rock Terrace NW
Washington, DC 20007

      Defendants.

Civil Action No. _____

## COMPLAINT

### Introduction

1. Defendants own and operate multiple restaurants in Washington, DC. Plaintiff worked for Defendants for approximately five years. In 2012, Defendants failed to pay Plaintiff overtime. In 2014 and 2015, Defendants failed to pay Plaintiff for all of his hours worked. All of the unpaid hours were overtime hours.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay him minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3.	Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.	Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5.	Plaintiff is an adult resident of Washington, DC.

6.	Defendant Eye Street Dining, Inc. ("Eye Street") is a District of Columbia corporation with its principal place of business at: 425 I Street NW, Washington, DC 20001. "Eye Street's" resident agent for service of process is: Hakan Ilhan, 4561 Indian Rock Terrace NW, Washington, DC 20007.

7.	Defendant Hakan Ilhan ("Ilhan") is an adult resident of the District of Columbia. Defendant Ilhan is the exclusive owner of Eye Street. He exercises exclusive control over the operations of Eye Street, including its pay practices.

**General Factual Allegations**

8.	Defendants own and operate the Italian restaurant known as "Alba Osteria" in Washington, DC, located at 425 I Street NW, Washington, DC 20001.

9.	Defendants own and operate the Italian restaurant known as Al Dente, located at 3201 New Mexico Avenue NW, Washington, DC 20016.

10.	Plaintiff was hired by Defendants in approximately 2010.

11.	Plaintiff was employed in the kitchen as a food preparer, primarily of pizza.

12.     At all relevant times, Plaintiff customarily worked from 10:00 am through 11:00 pm, every day but for Monday.

13.     In 2012 and 2013, Plaintiff was employed in Defendants' Al Dente restaurant.

14.     Defendants operate Al Dente restaurant under a license issued by the District of Columbia to Golden Eagle, Inc.

15.     Golden Eagle, Inc. was a District of Columbia corporation which had its corporate status revoked in 1987.

16.     Golden Eagle, Inc.'s corporate status has not been reinstated as of the time of the filing of this complaint.

17.     Defendants' paid Plaintiff in 2013 with checks bearing the name of Golden Eagle, Inc.

18.     The checks bearing the name of Golden Eagle, Inc. list the personal residential address of Defendant Ilhan, as though it were that of Golden Eagle, Inc.

19.     From approximately December 23, 2013 through approximately February 2015, Plaintiff was employed in Defendants' Alba Osteria restaurant.

20.     Defendants paid Plaintiff with checks bearing the name of Defendant "Eye Street." The checks list the personal residential address of Defendant Ilhan, as though it were that of Defendant "Eye Street."

21.     In 2012, when Plaintiff worked at Al Dente restaurant, Plaintiff was paid with personal checks issued from Defendant Ilhan.

22.     Defendants reassigned Plaintiff from the Al Dente restaurant to the Alba Osteria restaurant.

23.     Defendants operated both the Alba Osteria restaurant and the Al Dente restaurant, as though they were one business enterprise.

**Factual Allegations Concerning Damages**

24. In 2012, Defendants paid Plaintiff for approximately $10 an hour. Defendants paid $10 for each and every hour worked by Plaintiff, irrespective of whether or not Plaintiff had already worked 40 hours in a week.

25. For example, if Plaintiff worked 70 hours a week in 2012, Defendants paid Plaintiff $700, rather than the $850 that Plaintiff was legally due.

26. In 2013, Defendants began to pay Plaintiff according to the District of Columbia's minimum wage. However, Defendants also started to pay Plaintiff overtime in 2013. On average, Plaintiff was paid for 71.25 hours for every week of 2013.

27. For example, for the two-week pay period of March 31, 2013 through April 13, 2013, Plaintiff worked 152.5 hours and Defendants paid him $1,557.19:



28. Plaintiff's hourly workload did not change between 2012 and 2015. Plaintiff consistently worked for Defendants an average of approximately 71.25 hours every week.

29. However, starting on February 16, 2014, Defendants began paying Plaintiff a salary of $1,099.86 for every two weeks. This salary corresponded to 103.85 hours of work every two weeks:

| PERSONAL AND CHECK INFORMATION | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|
| Adonai R Martines<br>3701 16 st nw<br>Washington, DC 20010 | | Hourly<br>Overtime<br>EARNINGS | 80.00<br>23.85<br>103.85 | 9.5000<br>14.2500 | 760.00<br>339.86<br>1099.86 | 1760.00<br>576.63<br>2336.63 | 16720.00<br>8216.95<br>24936.95 |
| Soc Sec #: xxx-xx-xxxx   Employee ID: 76<br>Home Department: 5 Kitchen | WITHHOLDINGS | DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |
| Pay Period: 10/12/14 to 10/25/14<br>Check Date: 11/03/14   Check #: 101253 | | Social Security<br>Medicare<br>Fed Income Tax<br>DC Income Tax | S 6<br>S 6 | | 68.19<br>15.95<br>10.18<br>35.11 | | 1546.09<br>361.59<br>305.72<br>816.81 |
| NET PAY ALLOCATIONS | | TOTAL | | | 129.43 | | 3030.21 |
| DESCRIPTION   THIS PERIOD ($)   YTD ($)<br>Check Amount   970.43   21906.74<br>NET PAY   970.43   21906.74 | | | | | | | |

| PERSONAL AND CHECK INFORMATION | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|
| Adonai R Martines<br>3701 16 st nw<br>Washington, DC 20010 | | Hourly<br>Overtime<br>EARNINGS | 80.00<br>23.85<br>103.85 | 9.5000<br>14.2500 | 760.00<br>339.86<br>1099.86 | 1840.00<br>600.48<br>2440.48 | 17480.00<br>8556.81<br>26036.81 |
| Soc Sec #: xxx-xx-xxxx   Employee ID: 76<br>Home Department: 5 Kitchen | WITHHOLDINGS | DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |
| Pay Period: 10/27/14 to 11/09/14<br>Check Date: 11/17/14   Check #: 101297 | | Social Security<br>Medicare<br>Fed Income Tax<br>DC Income Tax | S 6<br>S 6 | | 68.19<br>15.94<br>10.18<br>35.11 | | 1614.28<br>377.53<br>315.90<br>851.92 |
| NET PAY ALLOCATIONS | | TOTAL | | | 129.42 | | 3159.63 |
| DESCRIPTION   THIS PERIOD ($)   YTD ($)<br>Check Amount   970.44   22877.18<br>NET PAY   970.44   22877.18 | | | | | | | |

30. In effect, Plaintiff's failed to pay Plaintiff for 38.65 hours every two weeks.

31. From approximately February 16, 2014 through approximately February 28, 2015, Defendants failed to pay Plaintiff for at least 1,005 hours, all of which were overtime.

32. At all relevant times, the federal minimum wage was $7.25 per hour.

33. From the beginning of Plaintiff's employment until June 30, 2014, the District of Columbia minimum wage was $8.25 per hour. From July 1, 2014 through June 30, 2015, the District of Columbia minimum wage was $9.50 per hour.

34. Defendants owe Plaintiff approximately **$18,147.98** in minimum and overtime wages.

35. At all relevant times, Defendants had more than two employees, and the annual gross volume of Defendants' business exceeded $500,000.00.

36.     At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff was paid for his work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiff will only be known through discovery.

37.     At all relevant times, Defendants had the power to fire Plaintiff.

38.     At all relevant times, Defendants had the power to control Plaintiff's work schedules.

39.     At all relevant times, Defendants had the power to set Plaintiff's rate of pay.

40.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the D.C. and federal minimum wage.

41.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

42.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages that Plaintiff was legally due.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

43.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

44.     The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

45.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

46.     Defendants violated the FLSA by knowingly failing to pay the required minimum wage to Plaintiff.

47.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one workweek.

48.     Defendants' violations of the FLSA were willful.

49.     For their violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

50.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

51.     Before July 1, 2014, the DCMWA required that employers pay non-exempt employees the federal minimum wage pursuant to the FLSA, plus $1.00. D.C. Code § 32-1003(a).

52.     As of July 1, 2014, the DCMWA requires that employers pay non-exempt employees at least $9.50 per hour. D.C. Code § 32-1003(a).

53.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

54.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

55.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

56. Defendants' violations of the DCMWA were willful.

57. For their violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum wage and overtime compensation, plus three times the amount of unpaid wages earned as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

58. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

59. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

60. For purposes of the DCWPCL, "wages" includes, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

61. Defendants violated the DCWPCL by knowingly failing to pay Plaintiff all wages earned, including minimum and overtime wages.

62. Defendants' violations of the DCWPCL were willful.

63. For their violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, plus three times the amount of unpaid wages as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants, jointly and severally, on all counts, and grant the following relief:

a. Award Plaintiff **$72,591.91**, consisting of the following overlapping elements:

      i.    unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.    unpaid minimum and overtime wages, plus three times the amount of unpaid minimum and overtime wages earned as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii.    unpaid wages, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.    Award Plaintiff prejudgment and postjudgment interest as permitted by law.

c.    Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d.    Award Plaintiff court costs; and

e.    Award any additional relief the Court deems just.

Date: 07/08/2015                        Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street, NW; Second Floor
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*